[Crim. No. 2682. Second Appellate District, Division One.—January 30, 1935.]

In the Matter of the Application of HILBERT ROZIER for a Writ of Habeas Corpus.

Anna Zacsek for Petitioner.

No appearance for Respondent.

THE COURT.—Petitioner was convicted of burglary in the second degree, as charged in two counts of an information. On January 22, 1934, on each count he was sentenced to imprisonment for one year in the county jail,

in accordance with section 461 of the Penal Code as amended in 1933, wherein it is provided that burglary in the second degree is punishable "by imprisonment in the county jail not exceeding one year or in the State prison for not less than one year or more than fifteen years". It was ordered that the sentences run consecutively. In section 19a, which was added to the Penal Code in 1933, it is provided that "In no case shall any person sentenced to confinement in a county or city jail on conviction of misdemeanor, or as a condition of probation, or for any reason, be committed for a period in excess of one year. . . . " Basing his contention upon said provision of said section 19a, petitioner argues that because he has served a term of imprisonment in the county jail for the full period of one year, he is now entitled to be released. The petition does not set forth any copy of the judgment or judgments, or of the commitment or commitments, but we will not regard this as a material omission. In any event he was in legal effect sentenced to serve for each separate offense a term of one year in the county jail. The two counts charging the two offenses, even though contained in one information, furnished a legal foundation for two legal consecutive sentences, notwithstanding anything contained in section 19a of the Penal Code. For the purposes and within the meaning of that section there were two cases. It was within the power and it was the duty of the court to direct whether the terms of imprisonment should run consecutively or concurrently. (Pen. Code, sec. 669.)

The petition for writ of *habeas corpus* is denied.